HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MISHARI T. SMITH,

Plaintiff,

v.

NEW EASTHILL, LLC and DONG SHIN,

Defendants.

Case No.  2:25-cv-02130-RAJ

ORDER

## I.    INTRODUCTION

THIS MATTER comes before the Court on the Motion to Dismiss (the "Motion," Dkt. # 8) of Defendants New Easthill, LLC and Dong Shin (collectively "Defendants"). The Court has reviewed the Motion, Plaintiff Mishari T. Smith's Response, Dkt. # 11,[1]

---

[1]    Plaintiff's Response to the Motion was filed on December 17, 2025, several weeks after the deadline imposed by Local Court Rule 7(d)(4).  Dkt. # 11.  Defendants in their Surreply request that Plaintiff's failure to timely file any opposition "be construed by the court as an admission that the motion has merit." Dkt. # 13 at 1 (citing LCR 7(b)(2)).  Plaintiff subsequently filed a Motion to Accept Late-Filed Opposition *Nunc Pro Tunc*, Dkt. # 23, claiming that her filing was late due to excusable neglect.  Having reviewed the parties' submissions, the Court finds good cause to accept Plaintiff's untimely filing.

ORDER – 1

Defendants' Reply, Dkt. # 10, and Defendants' Surreply, Dkt. # 13, and the balance of the record.

For the reasons set forth below, the Court **GRANTS** the Motion **WITHOUT PREJUDICE**.

## II.     BACKGROUND

Ms. Smith filed this action in King County Superior Court, alleging discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S. Code § 2000e *et seq.*, against New Easthill, LLC and Mr. Shin. *See* Dkt. # 1-2. Ms. Smith alleges that Defendants demoted Ms. Smith from her management position "[d]espite great reviews" and an increase in "monthly revenue" under her leadership. *Id.* at 2. Ms. Smith further alleges that she experienced two pay decreases in March and May of 2024, and that she was still asked to continue performing her managerial tasks. *Id.* Ms. Smith alleges that her constructive discharge and harassment began when she refused to work every weekend. *Id.* Ms. Smith also alleges that she was the only employee to receive pay decreases, and that Mr. Shin hired a young, unlicensed, and inexperienced friend despite the company's notification to Ms. Smith that the company could no longer afford to pay her full salary. *Id.* at 2–3. Finally, Ms. Smith alleges that in October 2024, she "was demoted to less than part-time," Mr. Shin's friend was promoted to a management position, and a new employee was hired. *Id.* at 3. Accordingly, Ms. Smith asserts claims for (1) discrimination under Title VII; (2) retaliation; and (3) emotional distress, pain, suffering, and lost wages. *Id.* She seeks to recover compensatory damages, punitive damages, and damages for emotional distress and pain and suffering. *Id.*

Defendants filed a Notice of Removal in this Court on October 29, 2025. Dkt. # 1. On November 4, 2025, Defendants filed the instant Motion, seeking dismissal of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). Dkt. # 8. Defendants

ORDER – 2

then filed a Reply on December 2, 2025, citing Local Civil Rule 7(b)(2) and requesting dismissal on that basis. Dkt. # 10. On December 17, 2025, Ms. Smith filed a Response to the Motion and attempted to assert additional causes of action under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S. Code § 621 *et seq.*, and the Washington Law Against Discrimination ("WLAD"), Chapter 49.60 RCW. Dkt. # 11. Defendants then filed a Surreply on December 22, 2025, again citing Local Civil Rule 7(b)(2) and opposing the proposed amended complaint included in Plaintiff's Response. Dkt. # 13.

### III.    LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must point to factual allegations in the complaint that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In analyzing a motion to dismiss, courts generally limit their review to the contents of the complaint. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Additionally, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Where plaintiffs proceed *pro se*, courts "must 'construe the pleadings liberally' and 'afford the [plaintiff] the benefit of any doubt.'" *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). "Conclusory allegations and unreasonable inferences, however, are insufficient to defeat a motion to dismiss." *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007) (citations omitted). Additionally, courts "may not supply essential elements of the claim that were not

ORDER – 3

initially pled." *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014) (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.1992)).

### IV.    DISCUSSION

Ms. Smith alleges that Defendants violated Title VII of the Civil Rights Act of 1964 by discriminating and retaliating against her.  Dkt. # 1-2.  Defendants argue that Ms. Smith's Complaint should be dismissed because she (1) fails to state a claim for discrimination under Title VII, (2) fails to state a claim for retaliation under Title VII, (3) alleges a non-cognizable claim for damages, and (4) cannot hold Mr. Shin liable because Title VII does not provide individual liability.  Dkt. # 8 at 3–6.

### A.    Title VII Discrimination Claim

Title VII of the Civil Rights Act makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1). Defendants argue that Ms. Smith fails to state a discrimination claim under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).[2] Dkt. # 8 at 4.  While the Court agrees that Ms. Smith fails to sufficiently plead a discrimination claim, the Court reaches this conclusion on a separate basis.

The correct standard to apply in a Title VII discrimination case at the pleading stage is the ordinary standard under Federal Rule of Civil Procedure 8(a).  *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511–14 (2002); *Austin v. Univ. of Oregon*, 925 F.3d 1133, 1136 (9th Cir. 2019).  In *Swierkiewicz,* the Supreme Court explained that

---

[2]    Defendants do not cite directly to *McDonnell Douglas* in the Motion, but they rely upon *Fonseca v. Sysco Food Servs. of Arizona, Inc.*, 374 F.3d 840, 847 (9th Cir. 2004), which applies the *McDonnell Douglas* framework.  *See* Dkt. # 8 at 4.

ORDER – 4

"the requirements for establishing a *prima facie* case under *McDonnell Douglas*" do not "apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Swierkiewicz*, 534 U.S. at 511. The *McDonnell Douglas* framework "is an evidentiary standard, not a pleading requirement." *Id.* at 510. In 2019, the Ninth Circuit recognized and applied the principles in *Swierkiewicz* in a Title IX case. *Austin*, 925 F.3d at 1136 n.3. The Ninth Circuit further rejected the application of the *McDonnell Douglas* framework at the pleading stage in Title VII cases by declining to follow Second Circuit precedent applying the *McDonnell Douglas* standard at the motion to dismiss stage. *Id.* at 1137 (characterizing *Doe v. Columbia University*, 831 F.3d 46, 55–56 (2d Cir. 2016) and *Littlejohn v. City of New York*, 795 F.3d 297, 309–10 (2d Cir. 2015) as "contrary to Supreme Court precedent").

Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Ms. Smith's Complaint contains allegations of a demotion, pay decreases that only she experienced, and favoritism of another employee, her Complaint does not contain allegations that she is a member of a protected class under 42 U.S.C. § 2000e-2(a)(1), which is fatal to her claim. *See generally* Dkt. # 1-2. Additionally, the Complaint is pleaded in conclusory fashion without sufficient factual support. *See generally id.* For instance, Ms. Smith does not provide facts about her previous salary compared to her new salary. While Ms. Smith alleges that Mr. Shin "hired a [sic] unlicensed, inexperienced close friend," she does not plead any facts connecting this or other adverse actions to discrimination on the basis of her membership in a protected class. *Id.* at 2. Instead, Ms. Smith alleges in conclusory fashion that she "was demoted of position, pay and hours and was replaced by a young newly hired unlicensed, inexperienced employee." *Id.* at 3. These claims do not constitute "nonconclusory allegations plausibly

linking the [adverse] action to discrimination," as is required for a Title VII claim to survive a motion to dismiss. *Clark v. Washington State Dep't of Health*, 735 F. Supp. 3d 1334, 1349 (W.D. Wash. 2024) (citing *Austin*, 925 F.3d at 1139).

The Court acknowledges that Ms. Smith disclosed in her Response that she is an "African American woman" who was subject to adverse employment actions while "similarly situated younger, non-African American employees were treated more favorably." Dkt. # 11 at 2. Even if these allegations were sufficient to cure the deficiencies in Ms. Smith's Complaint, courts limit their review to the contents of the complaint when deciding a motion dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Sprewell*, 266 F.3d at 988. Therefore, the Court dismisses Ms. Smith's Title VII discrimination claim.

**B.    Title VII Retaliation Claim**

Title VII also makes it unlawful for an employer to discriminate against an employee because the employee "opposed . . . an unlawful employment practice." 42 U.S.C. § 2000e-3(a). To successfully assert a *prima facie* case of retaliation, an employee plaintiff "must show that (1) [she] engaged in a protected activity; (2) [her] employer subjected [her] to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000) (citing *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir. 1994)). Ms. Smith's Complaint fails to meet this standard. Theoretically, Ms. Smith's pay decreases and demotion could constitute adverse employment actions. However, Ms. Smith fails to allege that she engaged in protected activity that caused Defendants to subject her to these adverse employment actions. *See generally* Dkt. # 1-2. Instead, Ms. Smith alleges in conclusory fashion that "[a]fter Mishari rejected new schedule of working every weekend, Mishari was demoted in her position, pay and hours." *Id.* at 3.

ORDER – 6

These claims alone do not establish a *prima facie* case of retaliation under Title VII. *See, e.g.*, *Pandya v. Bank of Am.*, No. C23-1947JLR, 2024 WL 519178, at \*7 (W.D. Wash. Feb. 9, 2024) (dismissing retaliation claim due to the court's inability to discern from the complaint "how [the plaintiff] engaged in a protected activity, nor whether a causal link exists between any such activity and an adverse employment action.").

Similarly, Ms. Smith's Response contains only conclusory assertions. *See* Dkt. # 11 at 2. Ms. Smith asserts that she "engaged in protected activity by reporting and opposing racial discrimination directly to ownership," that "[o]pposing discriminatory practices constitutes protected activity," and that she "was subjected to a pay cut demand, demotion, and constructive discharge" shortly thereafter. *Id.* Again, the Court confines its review to factual allegations made in the Complaint in deciding this Motion to Dismiss under Rule 12(b)(6). *See Sprewell*, 266 F.3d at 988. Thus, the Court accordingly dismisses Ms. Smith's Title VII retaliation claim.

### C.    Emotional Distress, Pain and Suffering, and Lost Wages

Ms. Smith asserts a third cause of action for emotional distress, pain and suffering, and lost wages. Dkt. # 1-2 at 3. Defendants argue that no such separate cause of action exists. Dkt. # 8 at 5–6. The Court agrees, but adds that courts liberally construe the pleadings of *pro se* litigants. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "This rule is particularly important in civil rights cases." *Id.* (citation omitted). Given this liberal policy, the Court does not construe Ms. Smith's third "cause of action" as a separate claim, but as a request for compensatory and punitive damages based on allegedly intentional violations of Title VII. *See* 42 U.S.C. § 1981a(b) (authorizing compensatory and punitive damages, including limited compensatory damages for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, [and] loss of enjoyment of life," in intentional Title VII discrimination cases).

ORDER – 7

## D.    Individual Liability

Ms. Smith named Mr. Shin as a defendant in her Complaint. Dkt. # 1-2. Defendants argue that Ms. Smith does not assert a cognizable claim against Mr. Shin because Title VII does not provide liability against individual defendants. Dkt. # 8 at 6. The Court agrees that Ms. Smith's claims against Mr. Shin fail. The Ninth Circuit has squarely held that "individual defendants cannot be held liable for damages under Title VII." *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (citing *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982)); *Atanda v. Norgren (IMI Precision Eng'g)*, No. C20-0796-JCC, 2022 WL 251966, at *2 (W.D. Wash. Jan. 27, 2022) (rejecting plaintiff's "official capacity claims" asserted against individual employees because the action did not involve government employees, and the employees were not "employers" under Title VII or the ADEA). Thus, the Court dismisses the claims against Mr. Shin.

## E.    Leave to Amend

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted). Given this liberal policy in favor of amendment, the Court finds that Ms. Smith's Title VII discrimination and retaliation claims are potentially capable of amendment. Therefore, the Court grants Ms. Smith leave to amend her Complaint. If Ms. Smith wishes to continue pursuing her Title VII discrimination claim, she must file an amended complaint setting forth factual allegations demonstrating that: (1) she is a member of a protected class on the basis of her race, color, religion, sex, or national origin; (2) she performed according to her employer's expectations; (3) she suffered one or more adverse employment actions; and (4) similarly situated individuals outside her

ORDER – 8

protected class were treated more favorably, or other circumstances give rise to an inference of discrimination. If Ms. Smith wishes to continue pursuing her Title VII retaliation claim, she must file an amended complaint containing factual allegations demonstrating that: (1) she engaged in a protected activity; (2) she suffered one or more adverse employment actions; and (3) there was a causal link between her protected activity and the adverse employment action(s).

## V.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss, Dkt. # 8, and **DISMISSES** the Complaint **WITHOUT PREJUDICE**. Ms. Smith is directed to file any amended complaint within 30 days of this Order. The Court also **GRANTS** Plaintiff's Motion to Accept Late-Filed Opposition *Nunc Pro Tunc*. Dkt. # 23. The Clerk of Court is directed to terminate as moot Plaintiff's Motion for Leave to File First Amended Complaint. Dkt. # 16.

Dated this 28th day of April, 2026.

The Honorable Richard A. Jones
United States District Judge

ORDER – 9